IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JUAN JOSE PASTOR,<br><br>        Defendant. | CR 91-454-01-PA |

**PANNER, J.**

Defendant Juan Jose Pastor was convicted of escaping from federal custody. Defendant now moves under 28 U.S.C. § 2255 to vacate and correct the sentence. I deny the motion.

## BACKGROUND

In May 1989, defendant was sentenced in the U.S. District Court for the Eastern District of California to 30 months' imprisonment for possession of cocaine with intent to distribute, and 60 months' imprisonment, to be served consecutively, for use of a firearm in a drug trafficking crime.

In February 1991, defendant escaped from FCI Sheridan. In

1 - ORDER

December 1991, defendant was indicted for escape.

Defendant was arrested in May 1995. In August 1995, defendant pleaded guilty in this court to escape. In October 1995, this court sentenced defendant to 18 months' imprisonment.

In March 1996, the U.S. District Court for the Eastern District of California dismissed the gun charge against defendant, based on a Supreme Court decision clarifying the definition of "use" under 18 U.S.C. § 924(c). Bailey v. United States, 516 U.S. 137 (1995).

## DISCUSSION

Defendant contends that the dismissal of the gun charge requires that he be resentenced on the escape conviction. However, I agree with the government that the dismissal of the gun charge does not require resentencing.

In calculating defendant's criminal history score for sentencing on the escape conviction, the presentence report writer correctly grouped defendant's conviction for possession with intent to distribute with his conviction for use of a firearm, because the two convictions were related. U.S.S.G. § 4A1.2, appl. n. 3 (1994). Defendant received three criminal history points total for the two prior convictions.

The applicable guideline provision provided that three criminal history points are added for each prior sentence of imprisonment greater than one year and one month. U.S.S.G. §

2 - ORDER

4A1.1 (1994). Defendant received a thirty-month sentence on the drug conviction, so he would have received three criminal history points regardless of the conviction for use of a firearm. There is no need to resentence defendant based on the dismissal of the firearm charge.

## CONCLUSION

Defendant's motion to vacate, set aside, or correct sentence (#19) is denied. Defendant's motion for leave to proceed in forma pauperis (#27) is granted, and defendant's motion for appointment of counsel (#26) is denied as moot.

DATED this __15__ day of May, 2006.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER